# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT W. SMITH, | : | CIVIL ACTION |
|     Petitioner | : | |
| vs. | : | NO. 96-6160 |
| | : | |
| WARDEN, JOHN KERESTES, et al., | : | |
|     Respondents | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                                   **January 23, 2013**

Robert W. Smith filed a petition entitled "Motion under Rule 60(b)(6)" requesting this court to vacate his state court conviction of 1994. He claims that he is actually innocent of the convicted violation of the Pennsylvania Corrupt Organization Act, 18 Pa.C.S. 911(b)(2) through (4). For the reasons that follow, I will deny this petition as untimely, or in the alternative, because it fails to set forth any extraordinary or special circumstances that would entitle him to relief.

## I. BACKGROUND

On February 7, 1994, after a jury trial in the Court of Common Pleas for Bucks County, Mr. Smith was convicted of various counts of corrupt organizations, criminal conspiracy, credit card fraud, criminal attempt, receiving stolen property, theft by unlawful taking, theft of services, and theft by deception. Commonwealth v. Smith, No. 3552 EDA 1999. These convictions arose from an extensive credit card fraud scheme executed with the aid of several co-conspirators while he was incarcerated. Id. On February 18, 1994, Mr. Smith was sentenced to not less than seven nor more than twenty

years in prison with ten years' probation to run consecutively. He was also ordered to pay restitution of $31,392.74.

Mr. Smith filed a direct appeal to the Pennsylvania Superior Court which affirmed his sentence on September 18, 1995. Commonwealth v. Smith, 669 A.2d 413 (Pa.Super. 1995) (table). His petition for allowance of appeal was denied by the Supreme Court of Pennsylvania on April 24, 1996. Commonwealth v. Smith, 675 A.2d 1247 (Pa. 1996). Accordingly, his judgment of sentence became final on July 23, 1996. See 42 Pa.C.S. § 9545(b)(3).

Mr. Smith then filed a *habeas corpus* petition in this court which was denied on April 23, 1997. On January 14, 1998, the Court of Appeals for the Third Circuit denied his application for a certificate of appealability. On March 30, 1998, the United States Supreme Court denied his petition for writ of *certiorari*. Since then, Mr. Smith has filed approximately ten petitions under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. 9541, *et seq*. All of these PCRA petitions were either withdrawn by Mr. Smith, or denied by the state court.

On July 7, 2011, Mr. Smith filed in the Court of Appeals for the Third Circuit an application pursuant to 28 U.S.C. § 2244 requesting permission to file a second or successive *habeas corpus* petition, based on his claim of actual innocence and the holding in Commonwealth v. Besch, 674 A.2d 655 (Pa. 1994). By Order dated August 25, 2011, the Court of Appeals denied Mr. Smith's request, finding that his claim challenging his 1994 conviction was not based on a new rule of constitutional law or on facts that could not have been discovered through due diligence. Moreover, the court found that the

underlying claim raised was available to him when he filed his original *habeas corpus* petition in 1996.

In another attempt to challenge his conviction, Mr. Smith has filed this motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, setting forth a similar claim as in his July 2011 application to the Court of Appeals.

## II. STANDARD OF REVIEW

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> (b) <u>Grounds for Relief from a Final Judgment, Order, or Proceeding</u>. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

See also Gonzalez v. Crosby, 545 U.S. 524 (2005) (Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of

circumstances including fraud, mistake, and newly discovered evidence). Legal error, however, does not by itself warrant the rule's application. Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004). Since legal error can usually be corrected on appeal, that factor, without more, does not justify the granting of relief. Id. Only extraordinary and special circumstances justify relief under Rule 60(b), and such "extraordinary circumstances" rarely occur in a *habeas* context. Id.

However, when a Rule 60(b) motion seeks to collaterally attack a petitioner's underlying conviction or to revisit the federal court's denial on the merits of the claim, the motion should be treated as a successive *habeas* petition. Gonzalez, 545 U.S. at 531.

## III. DISCUSSION

Initially, I note that a motion under Rule 60(b) must be made within "a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." See FED.R.CIV.P. 60(c)(1). Here, having been filed fifteen years after his petition for *habeas corpus* was denied, this motion is untimely. Mr. Smith has shown no unusual circumstance which would have impeded him from bringing this claim in a reasonable time following the denial of his original *habeas* petition.

Even if it were not untimely, however, Mr. Smith's Rule 60(b) motion would still be denied because it fails to set forth any valid grounds for relief. His underlying claims do not raise any new facts or applicable rules of law that did not exist at the time that his petition for writ of *habeas corpus* was filed in 1996. Instead, it appears that Mr. Smith seeks yet another bite of the apple by circumventing the Order of the Court of Appeals denying his request to file a second or successive *habeas* action. See Gonzalez, 545 U.S.

4

at 532 (the use of a Rule 60(b) motion to challenge the underlying conviction and/or to re-litigate the underlying claims impermissibly circumvents the requirement that a successive *habeas* petition be certified by the Court of Appeals as falling within an exception to bar to successive petitions). The fact that *habeas corpus* relief pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C.A. § 2244(d)(1), is precluded by the AEDPA's "second or successive rule," or by the AEDPA's strict statute of limitations, or by any other provisions of the AEDPA, does not mean that an alternative route to the same goal is available by means of a petition pursuant to Rule 60(b). Gonzalez, 545 U.S. at 532; United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000). As the Court of Appeals for the Third Circuit has noted, if a petitioner could, by means of a Rule 60(b) petition, get around Congress's clear intent in adopting the AEDPA, the result would be "a complete miscarriage of justice." Baptiste, 223 F.3d at 190. Mr. Smith's challenge to his underlying conviction by attempting to circumvent the requirement that a successive *habeas* petition be certified by the Court of Appeals is impermissible.

Accordingly, because Mr. Smith's Rule 60(b) petition is untimely and as he has failed to set forth any extraordinary or special circumstances that would entitle him to relief, I will deny this petition in its entirety.

An appropriate Order follows.